UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHIANNON NUGENT and JUAN
QUINTANA, as co-personal
representatives of the Estate of
Juan A. Quintana II, Deceased,

    Plaintiffs,

v.

SPECTRUM JUVENILE JUSTICE
SERVICES and SPECTRUM HUMAN
SERVICES, INC.,

    Defendants.
_____/

Case No. 21-12741

Hon. George Caram Steeh

## ORDER ADDRESSING OBJECTIONS AND REMANDING TO MAGISTRATE JUDGE

Before the court are Defendants' objections to the magistrate judge's order granting Plaintiffs' motion to compel discovery (ECF No. 64). Plaintiffs have not responded to Defendants' objections.

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine [most] pretrial matter[s] pending before the court." Parties may object to such orders within fourteen days. *See* Fed. R. Civ. P. 72(a). Upon receiving objections to a non-dispositive order, "[t]he district court judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order

found to be clearly erroneous or contrary to law." *Id. See also* 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous" when "'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395) (1948)).

This case involves the death of Juan Quintana II, who committed suicide at one of Defendants' facilities in Highland Park, Michigan. Plaintiffs are pursuing discovery, seeking information and documents about deaths, injuries, and abuse and neglect at all of Defendants' facilities. Defendants objected to these requests. The magistrate judge granted Plaintiffs' motion to compel in part, by limiting the requests at issue to the five years before and one year after Juan's death. Defendants object that the magistrate judge did not consider their motion for a protective order limiting the requests to their Calumet and Lincoln Centers in Highland Park, operated by Spectrum Juvenile Justices Services.

The court agrees that Defendants' motion for a protective order, which was combined with a motion to strike reply brief, appears to have been overlooked by the magistrate judge. *See* ECF No. 60 at PageID 1893-1901. Defendants' other objections generally seek clarification of

which facilities are covered by the magistrate judge's order, an issue that was not explicitly addressed.[1] This issue is most efficiently resolved by the magistrate judge in the first instance.

Accordingly, IT IS HEREBY ORDERED that this matter is REMANDED to the magistrate judge to consider Defendants' motion for a protective order (ECF No. 60) and to clarify the facilities covered by the discovery order (ECF No. 64).

Dated: July 9, 2024

                                          s/George Caram Steeh
                                          HON. GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 9, 2024, by electronic and/or ordinary mail.

s/LaShawn Saulsberry
Deputy Clerk

---

[1] Defendants also report that the parties have been unable to agree on a definition of "injury, self-harm, or neglect." In that case, the magistrate judge directed the parties to contact his chambers to schedule a status conference. ECF No. 64 at PageID 2259.