UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHIANNON NUGENT and JUAN QUINTANA, as Co-Personal Representatives of the Estate of JUAN A. QUINTANA II, Deceased,

Plaintiffs,

vs.

SPECTRUM JUVENILE JUSTICE SERVICES and SPECTRUM HUMAN SERVICES, INC.,

Defendants.

Case No.: 2:21-cv-12741
Honorable Jonathan J. C. Grey
Magistrate Curtis Ivy, Jr.

---

JONATHAN R. MARKO (P72450)
Marko Law, PLLC
Attorney for Plaintiffs
220 W Congress Street
4th Floor
Detroit, MI 48226
(313) 777-7529/Fax: (313) 771-5758
jon@markolaw.com

MARK J. ZAUSMER (P31721)
LAUREN M. WAWRZYNIAK (P69832)
JONATHAN R. FRESHOUR (P81381)
Zausmer, P.C.
Attorneys for Defendants
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111/Fax: (248) 851-0100
mzausmer@zausmer.com
lwawrzyniak@zausmer.com
jfreshour@zausmer.com

---

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS RELATED TO ECF NO. 75 PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS (ECF 99)**

NOW COME the Defendants, SPECTRUM JUVENILE JUSTICE SERVICES and

SPECTRUM HUMAN SERVICES, by and through their attorneys, ZAUSMER, P.C., and for their Objections to Plaintiff's Bill of Costs (ECF 99), state as follows:

1. **Plaintiff's Bill of Costs does not comply with 28 § USC 1924, which requires verification of the bill of costs.**

28 USC § 1924 states as follows: "[**b]efore any bill of costs is taxed**, the party claiming any item of cost or disbursement **shall** attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessary performed."[1]

Plaintiff's Bill of Costs seeks over $13,000 in attorney fees and costs associated with what should have been a rudimentary motion to compel for most attorneys, or even a paralegal, to draft. "The burden is on the party seeking costs…to establish the amount of compensation and expenses to which it is entitled", not on Defendants. *Allison v Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). Plaintiff's failure to file an Affidavit in compliance with 28 USC § 1924 is fatal to Plaintiff's Bill of Costs, and Plaintiff's Bill of Costs should be denied in its entirety.

---

[1] While Plaintiff's counsel chose not to use the U.S.D.C. "Bill of Costs" form, that form also requires that the attorney submitting the Bill of Costs sign a declaration stating: "I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Here, Plaintiff's counsel could not sign such a Declaration as the costs Plaintiff seeks do not comport with the Court's ruling on ECF 98 for the reasons outlined in Defendants' Objections.

2. **Plaintiff's Bill of Costs significantly exceeds the scope of what was ordered by the Court.**

The Court awarded sanctions associated with Defendants' privilege log of investigative materials bring withheld not being not specific enough – Defendants were not in violation of any court order at the time that sanctions were ordered.[2] The Court's ruling was clear, it states as follows: "**Defendants to pay Plaintiffs' reasonable costs and fees in bringing the motion to compel and for sanctions at ECF No. 75 and in arguing the motion before the Court.**" The Court required the parties to appear on four separate motions on September 9, 2024. (ECF Nos. 60, 75, 84, 85). ECF 75 was the topic of discussion for approximately 10-15 minutes at oral argument, yet Plaintiff's Bill of Costs seeks compensation for the following in the Bill of Costs (ECF 99):

a. "Begin Research, Analysis, and Review of Facts and Applicable Case Law and Federal Rules of Civil Procedure" – 4.2 hours X $950.00 =$3,990.00
b. "Complete Research, Analysis and Review of Facts and Applicable Law and complete initial drafting of Brief in Support of Plaintiff's Motion to Compel and for Sanctions" - 2.2 hours X $950.00 = $2,090.00
c. "Assemble Exhibits, Draft Index of Exhibits, Complete Brief's Table of Contents and Index of Authorities" – 1.0 hour X $950.00 = $950.00

[2] Defendants have filed an Objection to Magistrate Ivy's award of sanctions as not being warranted under the circumstances. Please see ECF 106.

d. "Prepare for oral argument re ECF 75, 84, 85" – 2.1 hours X $950.00 =$1,995.00

e. "Travel and attend Oral Arguments in Federal District Court" – 3.4 hours X $950.00 = $3,230.00

f. "Assemble and Calculate Hours re Bill of Costs for Services related to ECF 75" – 1.0 X $950.00 = $950.00

Not only is Plaintiff's unverified Bill of Costs wholly unreasonable, Plaintiff's counsel is seeking that Defendants pay his costs associated with preparing for three of the motions before the court, traveling to and from Court on all four motions,[3] appearing at the hearing on all four motions and preparing the Bill of Costs – these were not costs ordered by the Court. Moreover, time associated with preparation of Plaintiff's Bill of Costs was not part of the Court's sanction ruling, yet Plaintiff seeks $950 for preparing the document, which is clearly paralegal work. Bottom line, Plaintiff's Bill of Costs improperly seeks to expand the ruling of this Court to drum up the sanctions to be paid by Defendants.

[3] It is unknown whether the 3.4 hours claimed also includes the 45-minute delay that Plaintiff's counsel caused in the hearing going forward after he mistakenly went to the District Court in Detroit first as the Bill of Costs does not isolate out travel time versus court appearance time.

**3. Plaintiff's counsel is seeking to abuse the Court's award of "reasonable" sanctions to obtain a financial windfall.**

Plaintiff's Bill of Costs defies the "reasonableness" standard set by the Court's Order or logic. Plaintiff's Bill of Costs seeks $13,298.13 in costs and attorney fees, which purportedly includes 13.9 hours of Mr. Marko's time at a rate of $950.00 per hour. Mr. Marko has provided nothing to the Court to substantiate his purported rate of $950 per hour. Nonetheless, Plaintiff's Motion to Compel ECF 75 is something that should have been a rudimentary motion prepared by an associate or paralegal yet Plaintiff's counsel seeks $7,030 in attorney fees in preparing the Motion alone (7.4 hours X $950 per hour), another $1,995 in preparing for the motion and the other motions before the Court (2.1 hours X $950.00), and another $3,230.00 (3.4 hours X $950) in traveling to Court and arguing all four motions despite ECF 75 being a small fraction of what was discussed at the hearing.

While Mr. Marko has provided no proof to substantiate his rate, even if he did, it is far in excess of the average hourly rate for attorneys practicing in Michigan.[4] Simply put, Plaintiff's counsel is abusing the Court's award of "reasonable" costs and attorney fees in bringing about ECF 75 to punish Defendants and obtain a financial windfall not

---

[4] In 2023, the average hourly rate for a civil litigation attorney in Michigan was $351. Plaintiff's counsel seeks nearly three times that. SBM Economics of Law Survey Results 2023. https://www.michbar.org/file/pmrc/pdfs/2_2023EOL_SurveyResults.pdf **(Exhibit A).**

contemplated by the Court's Order. Plaintiff's Bill of Costs is not verified, obviously includes items that are not compensable, including Plaintiff's preparation for and appearance on other motions. Plaintiff's Bill of Costs should be denied in its entirety for failure to be verified and due to its unreasonableness. Alternatively, Defendants request that the Court reduce Plaintiff's Bill of Costs to $600.00, which comports with this Court's ruling awarding reasonable costs and fees in bringing about the Motion.

Respectfully Submitted,

ZAUSMER, P.C.

*/s/ Lauren M. Wawrzyniak*

MARK J. ZAUSMER (P31721)
LAUREN M. WAWRZYNIAK (P69832)
JONATHAN R. FRESHOUR (P81381)
Zausmer, P.C.
Attorneys for Defendants
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111/Fax: (248) 851-0100
mzausmer@zausmer.com
lwawrzyniak@zausmer.com
jfreshour@zausmer.com

Dated: September 30, 2024