MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RHIANNON NUGENT and JUAN QUINTANA, co- personal representatives of the Estate of JUAN A. QUINTANA, II, Deceased,

Plaintiff,

-vs-

SPECTRUM JUVENILE JUSTICE SERVICES and SPECTRUM HUMAN SERVICES, INC.,

Defendants.

Case No. 2:21-cv-12741
Hon. Jonathan J.C. Grey
Mag. Curtis Ivy, Jr.

JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com

MARK J. ZAUSMER (P31721)
LAUREN M. WAWRZYNIAK (P69832)
JONATHAN R. FRESHOUR (P81381)
MARSHE E. HARRIS (P81388)
**ZAUSMER, P.C.**
Attorneys for Defendants
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
P: (248) 851-4111 / F: (248) 851-0100
mzausmer@zausmer.com
lwawrzyniak@zausmer.com
jfreshour@zausmer.com
mharris@zausmer.com

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (ECF 98)**

NOW COMES, **RHIANNON NUGENT and JUAN A. QUINTANA, Co-Personal Representatives of the Estate of Plaintiff JUAN A. QUINTANA II, deceased**, by and through their attorneys, **MARKO LAW, PLLC**, and for their Response to Defendants' Objection to Report and Recommendation of Magistrate Judge (ECF 98), and respectfully requests that this Honorable Court Denies Defendant's Objection and Orders that Defendants comply with the Magistrate Judge's Order as provided in ECF No. 98, for the reasons more fully set forth in Plaintiff's Brief in Support, which is hereby incorporated by reference.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court Denies Defendant's Objection and Orders that Defendants comply with the Magistrate Judge's Order as provided in ECF No. 98.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Email: jon@markolaw.com

Date: October 2, 2024

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RHIANNON NUGENT and JUAN QUINTANA, co- personal representatives of the Estate of JUAN A. QUINTANA, II, Deceased,

Plaintiff,

-vs-

SPECTRUM JUVENILE JUSTICE SERVICES and SPECTRUM HUMAN SERVICES, INC.,

Defendants.

Case No. 2:21-cv-12741
Hon. Jonathan J.C. Grey
Mag. Curtis Ivy, Jr.

---

JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
220 W. Congress, 4th Floor
Detroit, Michigan 48226
P: (313) 777-7529 / F: (313) 470-2011
jon@markolaw.com

MARK J. ZAUSMER (P31721)
LAUREN M. WAWRZYNIAK (P69832)
JONATHAN R. FRESHOUR (P81381)
MARSHE E. HARRIS (P81388)
**ZAUSMER, P.C.**
Attorneys for Defendants
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
P: (248) 851-4111 / F: (248) 851-0100
mzausmer@zausmer.com
lwawrzyniak@zausmer.com
jfreshour@zausmer.com
mharris@zausmer.com

---

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (ECF 98)**

NOW COMES, **RHIANNON NUGENT and JUAN A. QUINTANA, Co-Personal Representatives of the Estate of Plaintiff JUAN A. QUINTANA II, deceased**, by and through their attorneys, **MARKO LAW, PLLC**, and submits this Brief in Support of their Response to Defendants' Objection to Report and Recommendation of Magistrate Judge (ECF 98) as follows:

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

# TABLE OF CONTENTS

Index of Authorities ........ ii

Concise Statement of Issues Presented ........ vi

Controlling or Most Appropriate Authority ........ vii

Introduction/Facts ........ 1

Standard of Review ........ 3

Argument ........ 5

I. The Court was within its Broad Discretion to Sanction Defendants for Their Refusal to Produce the Discovery Request and Failure to Adequately Satisfy Their Burden to Establish that Any Asserted Privilege Applied by Providing a Clearly Insufficient Privilege Log ........ 5

A. Defendants' Objection Fails to Demonstrate Clear Error, but Rather, Merely Rehashes the Same Arguments that Were Properly Rejected by the Magistrate Judge ........ 6

B. Plaintiff's Bill of Costs Regarding the Sanctions is Reasonable ........ 15

II. Defendants' Objection Provides No Basis for Reversal of the Magistrate Judge's Denial of their Motion to Compel Plaintiff to Produce a Definite Trial Witness List Approximately a Year prior to the Scheduled Trial ........ 17

Conclusion ........ 22

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

# INDEX OF AUTHORITIES

## Cases

*Allstate Ins. Co. v. Mercyland Health Servs., PLLC*, No. 18-13336,
2020 U.S. Dist. LEXIS 253143 (E.D. Mich. Oct. 13, 2020) .......... 10, 11

*Anderson v. City of Bessemer*, 470 U.S. 564 (1985) .......... 4

*Banks v. Off. of Senate Sergeant-at-Arms*, 222 F.R.D. 7 (D.D.C. 2004) .......... 19

*Biegas v. Quickway Carriers, Inc.* 573F.3d 365 (6th Cir. 2009) .......... 8

*Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205 (6th Cir. 2019) .......... 4

*Brown v. City of Grand Rapids, Mich.*, No. 16-2433, 2017 WL 4712064
(6th Cir. June 16, 2017) .......... 4

*Brumley v. Wingard*, 269 F.3d 629 (6th Cir. 2001) .......... 4

*C & E Servs., Inc. v. Ashland Inc.*, 2008 WL 1744618
(D.D.C. Apr. 14, 2008) .......... 19

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123,
115 L. Ed. 2d 27 (1991) .......... 11

*Coleman-Bey v. Bouchard*, 287 F. App'x 420 (6th Cir. 2008) .......... 4

*Cotton v. Sassak*, 2008 WL 1882708 (E.D. Mich. Apr. 24, 2008) .......... 20

*Diederich v. Washington*, No. 19-12799, 2022 U.S. Dist. LEXIS 238557
(E.D. Mich. Sep. 21, 2022) .......... 18

*Dobbins v. Nat'l Union Fire Ins. Co.*, No. 19-10546, 2020 U.S. Dist. LEXIS
180390 (E.D. Mich. Sep. 9, 2020) .......... 9

*Flowers v. Westrock Servs., Inc.*, No. 1:18-CV-667,
2019 U.S. Dist. LEXIS 250498 (W.D. Mich. June 11, 2019) .......... vii, 11, 12

*Gavin v. PNC Bank*, No. 1:12-cv-756 (W.D. Mich. June 9, 2017) .......... 12

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

*Gross v. Town of Cicero, Ill.*, 619 F.3d 697 (7th Cir. 2010) ................................ 18

*Harmon v. CSX Transp., Inc.,* 110 F.3d 364 (6th Cir. 1997)................................ 14

*In re Cao*, 619 F.3d 410 (5th Cir. 2010) ............................................................ 18

*In re Grand Jury Subpoena Dated November 8, 1979*,
622 F.2d 933 (6th Cir. 1980) .......................................................................... 1

*In re Powerhouse Licensing, LLC*, 441 F.3d 467 (6th Cir. 2006) ........................ 8

*Jones v. Hamilton Cty.*, No. 23-3002, 2023 U.S. App. LEXIS 29975
(6th Cir. Nov. 8, 2023)...................................................................................... 15

*Lewless v. Sec'y of Health & Human Servs.*, 25 F.3d 1049 (6th Cir. 1994)......... 18

*LightStyles, Ltd. v. Marvin Lumber & Cedar Co.*, No. 1:13-cv-1510,
2015 U.S. Dist. LEXIS 87049, 2015 WL 4078826
(M.D. Pa. July 6, 2015) (Caldwell, J.) ............................................................. 11

*Lynn Mayer's Great Lakes Glads, Inc. v. BTR of Orland, Inc.*,
No. 1:17-cv-538, 2019 U.S. Dist. LEXIS 197003 ................................................ 12

*Miller Oil Company v Smith Industries*, No. 1:88 CV 785,
1990 WL 446502 (W.D. Mich. Dec. 13, 1990) .................................................... 2

*Mitan v. Int'l Fid. Ins. Co.*, 23 Fed. Appx. 292 (6th Cir. 2001)........................... 10

*Mull-It-Over Prods., LLC, v. Titus Constr. Grp.*,
No. 1:18-cv-414 (W.D. Mich. Apr. 19, 2019)..................................................... 12

*Neuman v. Rivers*, 125 F.3d 315 (6th Cir. 1997) .................................................. 4

*O'Connor v. Trans Union, LLC*, 2008 U.S. Dist. LEXIS 94498,
2008 WL 4910670 (E.D. Mich. Nov. 13, 2008).................................................. 16

*O'Keefe v. Abram*, No. 1:16-cv-978 (W.D. Mich. Oct. 5, 2018).......................... 12

*PML N. Am., LLC v. Hartford Underwriters Ins. Co.*, No. 05-CV-70404-DT,
2006 U.S. Dist. LEXIS 94456 (E.D. Mich. Dec. 20, 2006) ......................... 9, 10, 11

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

*Redmond v. United States*, 194 F. Supp. 3d 606 (E.D. Mich. 2016) .................... 19

*Simpson v. VSP North America, LLC*, No. 1:16-cv-912
(W.D. Mich. Jan. 8, 2019) ........................................................................ 12

*Smith v. Cty. of Wayne*, No. 21-12070, 2022 U.S. Dist. LEXIS 251318
(E.D. Mich. Oct. 7, 2022) ........................................................................ vii, 4

*United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001) ........................................ 4

*United States v. Roxworthy,* 457 F.3d 590 (6th Cir. 2006).................................. 8

*United States v. United States Gypsum Co.*, 333 U.S. 364 (1948) ....................... 4

*Zuelke v. AA Recovery Sols., Inc.*, No. 2:19-cv-00074,
2019 U.S. Dist. LEXIS 117221 (W.D. Mich. June 28, 2019) .............................. 16

**<u>Statutes</u>**

28 U.S.C. §636(b)(1)(A) ........................................................................ 3

**<u>Rules</u>**

E.D. Mich. LR 16.2(b)(8) ........................................................................ 19

E.D. Mich. LR 72.1(d) ........................................................................ 3

Fed. R. Civ. P. 26 ........................................................................ vii

Fed. R. Civ. P. 26(a)........................................................................ 19

Fed. R. Civ. P. 26(a)(3)........................................................................ 18, 19

Fed. R. Civ. P. 26(a)(3)(A)(i) ........................................................................ 19

Fed. R. Civ. P. 26(b)(5)........................................................................ 8

Fed. R. Civ. P. 37 ........................................................................vii, 9, 10, 11, 15

Fed. R. Civ. P. 37(a)(3)(B)(iii) .......... 10

Fed. R. Civ. P. 37(a)(3)(B)(iv) .......... 10

Fed. R. Civ. P. 37(a)(4) .......... 10

Fed. R. Civ. P. 37(a)(5)(A) .......... 10, 11, 12

Fed. R. Civ. P. 37(a)(5)(A)(iii) .......... 11

Fed. R. Civ. P. 37(b)(2)(C) .......... 10

Fed. R. Civ. P. 37(c)(1) .......... 19

Fed. R. Civ. P. 72 .......... 4

Fed. R. Civ. P. 72(a) .......... 3, 4

**Other Sources**

8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, *Federal Rules of Civil Procedure* § 2284 (3d ed. 2010) .......... 11

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

## CONCISE STATEMENT OF ISSUES PRESENTED

I. Whether Defendants have demonstrated by rehashing their already-rejected arguments that the Magistrate's limited and measure award of monetary sanctions for its clearly deficient privilege log, used to justify their willful withholding of relevant discovery requested by Plaintiff, which contained mere blanket and boilerplate invocation of broad privilege and prevented both Plaintiff and the Court from properly accessing whether privilege applied was clearly erroneous and/or contrary to law?

Plaintiff says: NO

Magistrate Curtis Ivy, Jr. says: NO

Defendants say: YES

II. Whether it was clear error or contrary to law for the Court to deny Defendants' attempts to unilaterally require Plaintiff to produce a definite and concrete witness list of individuals they will call at trial, approximately a year before trial is set to begin, where Defendants failed to cite any authority to support such relief and asserted prejudice was caused by their own dilatory conduct during discovery?

Plaintiff says: NO

Magistrate Curtis Ivy, Jr. says: NO

Defendants say: YES

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Smith v. Cty. of Wayne*, No. 21-12070, 2022 U.S. Dist. LEXIS 251318, at *5 (E.D. Mich. Oct. 7, 2022)

Fed. R. Civ. P. 37

Fed. R. Civ. P. 26

*Flowers v. Westrock Servs., Inc.*, No. 1:18-CV-667, 2019 U.S. Dist. LEXIS 250498, at *4-7 (W.D. Mich. June 11, 2019)

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

## INTRODUCTION/FACTS

The parties appeared at the deposition of witness Dakota Hayward on May 7, 2024. During the deposition, defense counsel began questioning Mr. Hayward about written statements he made to a private investigator hired by the Defendants regarding this matter and showing him these statements. Defense counsel proceeded to ambush Plaintiff's counsel with this newly disclosed independent investigation used to question the witness during the deposition while refusing to allow Plaintiff's counsel to see the questions asked or any of the information related to this ex parte interview of Mr. Hayward. Following this disclosure, and after failed attempts to get Defendants to produce discovery related to these independent investigations, Plaintiff filed a Motion to Compel and for Sanctions. (ECF No. 75). At a status conference following Plaintiff filing its motion, the parties agreed that Plaintiff would serve targeted discovery requests, to which Defendants would respond within 48 hours.

Defendants submitted their response to Plaintiff's targeted discovery requests, withholding several of the documents responsive to Plaintiffs' request based on its vague and blanket assertion that "Defendants object insofar as the Request calls for the disclosure of information that is protected by the attorney-client privilege and/or work product doctrine and/or material prepared in anticipation of litigation. *In Re Grand Jury Subpoena dated November 8, 1979*, 622 F.2d 933, 935 (6th Cir. 1980),

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

*Miller Oil Company v Smith Industries*, No. 1:88 CV 785, 1990 WL 446502 (W.D. Mich. Dec. 13, 1990)." *See* ECF No. 84, PageID. 2727-31. Further, Defendants, in their privilege log, only provided "Attorney Work Product" as their full basis for the asserted privilege. As clearly indicated by the email correspondence between the parties and this Court's clerk on July 19, 2024, Plaintiff unambiguously indicated that Defendants' privilege log was insufficient to permit Plaintiff to determine whether the asserted privilege was applicable to the withheld discovery, necessitating Plaintiff to file a subsequent Motion to Compel. (ECF No. 84).

Defendants also filed a Motion to Compel and Strike Plaintiffs' Witness List, attempting to unilaterally mandate that Plaintiff produce a finalized and definite list of witnesses they intended to call at trial before trial was scheduled to begin. (ECF No. 85). Defendants also sought the drastic sanction of striking Plaintiff's witness list, asserting that they did not have the means to locate their own current or former employees, and even though Defendants failed to take any affirmative action throughout the vast majority of discovery to ascertain further information.

After permitting the parties to submit a comprehensive briefing and conducting an in-person hearing, the Magistrate issued an Order on these pending Discovery Motions, denying in part Plaintiff's request for Sanctions for Defendants' failure to provide the investigation discovery before the deposition, alleviating any prejudicial impact by allowing Plaintiff to conduct depositions of the investigators,

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

but granting in part and Order a limited award of monetary sanctions for Defendants submission of the clearly deficient privilege log that prevented the Court from issuing a clear Order to produce and did not allow either Plaintiff or the Court from meaningfully accessing whether the asserted privileges were applicable. (ECF No. 98). Finally, the Court denied Defendant's Motion to Compel and Strike Plaintiffs' Witness List, finding that Defendants failed to provide any case law to warrant compelling Plaintiff to produce a finite witness list prematurely and recognizing that Defendants' own dilatory discovery conduct substantially contributed to the prejudice asserted.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §636(b)(1)(A), a party is entitled to seek review of its objections to the rulings of a Magistrate Judge by a district court judge. "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). A party may serve and file its objections to the order within 14 days, to which the opposing party is permitted to respond to the objections within 14 days of being served with a filed copy. *Id. See also* E.D. Mich. LR 72.1(d).

The Court will reverse an order of a magistrate judge only where it is shown that the decision is "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A);

*see also* Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). "A decision is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.'" *Smith v. Cty. of Wayne*, No. 21-12070, 2022 U.S. Dist. LEXIS 251318, at *5 (E.D. Mich. Oct. 7, 2022) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "Where there are two plausible views, a decision cannot be 'clearly erroneous.'" *Id.* (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation omitted).

Finally, objections that restate arguments already presented to the magistrate judge are generally improper. *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)). *See also Brown v. City of Grand Rapids, Mich.*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."). Last, merely incorporating arguments from previously filed documents, without directing the Court's attention to specific issues

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

decided by the Magistrate Judge, does not constitute a valid objection to a magistrate judge's order or ruling. *See Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997).

## ARGUMENT

### I. THE COURT WAS WITHIN ITS BROAD DISCRETION TO SANCTION DEFENDANTS FOR THEIR REFUSAL TO PRODUCE THE DISCOVERY REQUESTED AND FAILURE TO ADEQUATELY SATISFY THEIR BURDEN TO ESTABLISH THAT ANY ASSERTED PRIVILEGE APPLIED BY PROVIDING A CLEARLY INSUFFICIENT PRIVILEGE LOG.

Defendants' first object to the Magistrate Judge's ruling that their vague and detail-devoid privilege log was so clearly insufficient to permit either this Court or Plaintiff the ability to determine whether any asserted privilege was applicable that sanctions were warranted. Defendants' position, which consists of mostly restating their already-rejected arguments contained in the prior briefing, is flawed however, that it is clear that the Magistrate's decision was within their broad discretion to award such monetary sanctions for Defendants' failure to produce discovery and/or inability to satisfy their burden to show that privilege applied to protect each document from production. Moreover, Defendants' rehashed arguments fail to demonstrate the clear error necessary for this Court to disrupt the findings of the Magistrate, nor do their self-serving attempts to contest the sanctions sought pursuant to the Magistrate's order justify their preclusion by this Court.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

### A. Defendants' Objection Fails to Demonstrate Clear Error, but rather, Merely Rehashes the Same Arguments that Were Properly Rejected by the Magistrate Judge.

Defendants' first argument in their objection involves the Magistrate's Order awarding Plaintiff monetary sanctions, arguing that the Magistrate's finding that Defendants' woefully insufficient privilege log and failure to produce the requested, discoverable documents was clearly erroneous and contrary to law, and that the Magistrate was outside the scope of its discretion to award such sanctions.

Rather than address the substance of the Magistrate's Order, finding that Defendants failed to provide a sufficiently detailed privilege log to allow Plaintiff or this Court the ability to access the applicability of the asserted privilege properly, Defendants spend the majority of its objection finger-pointing at both the Magistrate and Plaintiff to excuse their willful and improper withholding of discovery. Specifically, Defendants attempt to transpose their clear burden to establish the applicability of the asserted attorney-client privilege or work product privilege onto either Plaintiff or this Court by arguing that neither expressed any issue with the privilege log.

As a preliminary issue, Defendants' assertion that neither Plaintiff nor this Court provided any indication regarding the inadequacy of the privilege log to justify the withholding of the requested discovery is without merit, as both Magistrate Ivy's Law Clerk and Plaintiff's Counsel email correspondence with Defendants' counsel

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

clearly provided notice of this issue. On July 19, 2024, Magistrate Ivy's Law Clerk emailed both parties counsel, inquiring into the status of Defendants' Response to the Court Order discovery request regarding their private investigator, to which both parties responded and Plaintiff's counsel explicitly referring to Defendants' inadequate discovery production in response to Plaintiff's request, particularly questioning the privileges asserted by Defendants. **Exhibit 1, July 19, 2024, Email Correspondence.** Further, Plaintiff's counsel's email clearly conveyed that a Motion would be filed regarding this issue, **five days before** Plaintiff filed its motion, to which Defendants' counsel acknowledged by responding that they would be filing their own Motion to Compel. Further, pursuant to this Court's Order, prior to the hearing regarding the outstanding discovery issues addressed in the Magistrate's Order that Defendants now object to, the parties filed a joint statement of the resolved/unresolved discovery issues that clearly included the adequacy of Defendants' privilege log and/or assertion of privilege as an issue in dispute and in need of resolution by the Court. (ECF No. 95). Thus, contrary to Defendants' assertion, they were provided sufficient notice and opportunity to address the adequacy of the privilege log submitted and were fully apprised of Plaintiff's specific objections regarding the log produce, however, Defendants did absolutely nothing to address or remedy the clearly insufficient log provided and were merely content continuing to withhold the requested discovery.

However, notice by an opposing party and the Court is an unnecessary showing and inconsequential factor, as applicable Federal Rules and case law dictate that Defendants maintain an affirmative and independent duty to adequately respond to discovery requests and/or justify any withheld production on grounds of privilege. In the relevant Motion to Compel, Plaintiff's provided substantial binding and applicable case law to establish that Defendants, as the party asserting privilege, bear the burden of establishing the existence of the specific privilege for each document withheld, which Courts have consistently held cannot be satisfied by mere conclusory assertions. *See* ECF No. 84, PageID. 2706-09 citing e.g., *Biegas v. Quickway Carriers, Inc.* 573F.3d 365, 382 (6th Cir. 2009); *United States v. Roxworthy,* 457 F.3d 590, 598 (6th Cir. 2006); *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 473 (6th Cir. 2006); Fed. R. Civ. P. 26(b)(5). Likewise, the Magistrate's Order at issue specifically identified additional case law that holds Defendants cannot satisfy this required showing by mere boilerplate or brief and devoid of substantive information statements. *See* ECF No. 98, PageID. 2981-82.

Further, both Plaintiff's Brief and the Magistrate's Order specifically provided substantial authority that such showing is necessary given the scope of the asserted attorney-client and work-product privileges. *See* ECF No. 84, PageID. 2712-17; ECF No. 98, PageID. 2978-82 (providing several applicable cases holding that mere factual investigation information, devoid of any attorney handiwork, does



MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

not satisfy either privilege asserted by Defendants). Thus, despite Defendants' attempts to blame the inadequacy of their privilege on Plaintiff, Sixth Circuit case law clearly establishes that it is Defendants' burden as the party withholding discovery production and asserting privilege.

Defendants do not meaningfully contest that their privilege log was inadequate and/or did not permit Plaintiff or the Court to meaningfully access the applicability of either privilege asserted. Instead, the remainder of their first objection focuses on contesting the Magistrate's authority to award sanctions and the propriety of the monetary sanctions awarded. Contrary to Defendants' argument, the Court's power to access monetary sanctions for a party's discovery violations is well-recognized. This Court has routinely acknowledged its broad power to impose monetary sanctions under both its inherent authority and Fed. R. Civ. P. 37 to award monetary sanctions for a party's disregard of its discovery duties under the rules. *See, e.g., Dobbins v. Nat'l Union Fire Ins. Co.*, No. 19-10546, 2020 U.S. Dist. LEXIS 180390, at *7 (E.D. Mich. Sep. 9, 2020) (finding that monetary sanctions are appropriate based on the violating party's "disregard of her discovery obligations has created an unnecessary consumption of time and expense on the part of the Defendant, not to mention the strain it has put on this Court's resources."); *PML N. Am., LLC v. Hartford Underwriters Ins. Co.*, No. 05-CV-70404-DT, 2006 U.S. Dist.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR DETROIT, MI 48226
P: (313) 777-7LAW F: ((313) 470-2011
MARKOLAW

LEXIS 94456, at *17-19 (E.D. Mich. Dec. 20, 2006) (citing several cases recognizing this power).

In *Allstate Ins. Co. v. Mercyland Health Servs., PLLC*, No. 18-13336, 2020 U.S. Dist. LEXIS 253143, at *13-16 (E.D. Mich. Oct. 13, 2020) this Court highlighted the power derived Fed. R. Civ. P. 37 holding that:

> Federal Rule of Civil Procedure 37 is entitled, "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions." That Rule provides, "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . : (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents . . ." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). Rule 37(a)(4), entitled "Evasive or Incomplete Disclosure, Answer, or Response," provides, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Finally, Rule 37 contains numerous provisions that apply to a party's violations of its discovery obligations and court orders. First, those rules provide that **<u>where a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees</u>**." Fed. R. Civ. P. 37(a)(5)(A). Broader sanctions are available under Rule 37(b)(2) for failing to comply with a court order. . . . where such a violation occurs, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).
>
> This Court also has inherent authority to sanction a party for violating a Court Order or for engaging in abusive or bad-faith litigation conduct. *Mitan v. Int'l Fid. Ins. Co.*, 23 Fed. Appx. 292, 298 (6th Cir. 2001) ("The federal courts' inherent power to protect the orderly administration of justice and to maintain the authority and dignity of

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

> the court extends to a full range of litigation abuses."). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."); *PML N. Am., LLC v. Hartford Underwriters Ins. Co.*, No. 05-CV-70404-DT, 2006 U.S. Dist. LEXIS 94456, 2006 WL 3759914, at *6 (E.D. Mich. Dec. 20, 2006) (collecting cases). *Id.* (emphasis added).

Similarly, the Court in *Flowers v. Westrock Servs., Inc.*, No. 1:18-CV-667, 2019 U.S. Dist. LEXIS 250498, at *4-7 (W.D. Mich. June 11, 2019) addressed the scope of the Court's authority to access monetary sanctions under both Fed. R. Civ. P. 37 and its inherent powers:

> Rule 37(a)(5)(A) provides, in pertinent part: "If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). There are three exceptions to this rule, including that a court must not order payment if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Indeed, "Rule 37 is flexible. The Court is directed to make such orders as are 'just' and is not limited in any case of disregard of the discovery rules or court orders under them to a stereotyped response. The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural." 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, *Federal Rules of Civil Procedure* § 2284 (3d ed. 2010). "[T]he decision whether and how severely to sanction under Rule 37 rests securely within the district court's province." *Id.* This is true even under Rule 37(a)(5)(A). *See LightStyles, Ltd. v. Marvin Lumber & Cedar Co.*, No. 1:13-cv-1510, 2015 U.S. Dist. LEXIS 87049, 2015 WL 4078826, at *1 (M.D. Pa. July 6, 2015) (Caldwell, J.) (noting "the exceptions provided in [Rule 37(a)(5)(A)] give the court some discretion in deciding whether to award expenses.").

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

* * *

> The above authority makes plain that the court has discretion, even under Rule 37(a)(5)(A), in determining whether, and how, to craft sanctions for discovery violations. There are times where monetary sanctions may be called for, and times where such sanctions are inappropriate. The Magistrate Judge identified multiple, rational grounds for his decision not to award sanctions here. And contrary to the assertions of Plaintiff's counsel, a review of the actual rulings throughout this district illustrate a balanced approach of discretionary calls, informed by the particular circumstances of each case, with no routine practice or policy of denying (or granting) motions for sanctions. *Compare, e.g., O'Keefe v. Abram*, No. 1:16-cv-978 (W.D. Mich. Oct. 5, 2018) (ECF No. 98) (awarding monetary sanctions against defendant for FPTC order violation); and *Simpson v. VSP North America, LLC*, No. 1:16-cv-912 (W.D. Mich. Jan. 8, 2019) (ECF No. 159) (imposing monetary discovery sanctions on defendant); with *Lynn Mayer's Great Lakes Glads, Inc. v. BTR of Orland, Inc.*, No. 1:17-cv-538, 2019 U.S. Dist. LEXIS 197003 (ECF No. 56) (denying spoliation sanctions); and *Mull-It-Over Prods., LLC, v. Titus Constr. Grp.*, No. 1:18-cv-414 (W.D. Mich. Apr. 19, 2019) (ECF No. 48) (granting substantive discovery sanctions but denying monetary relief). These are simply recent illustrations, and by no means an exhaustive listing. Nor did the Court undertake an exhaustive search. The Court notes that Plaintiff's counsel himself sometimes benefits from the Court's balanced approach to consideration of sanction requests. *See, e.g., Gavin v. PNC Bank*, No. 1:12-cv-756 (W.D. Mich. June 9, 2017) (ECF No. 91) (denying request for sanctions for alleged discovery protective order violation). *Id.*

Likewise, in this case, the Magistrate adopted a balanced approach and review of the particular factual circumstances at play in its consideration and ultimate award of sanctions. As acknowledged in Defendants' objection, the Magistrate did not access sanctions based on Plaintiff's initial Motion to Compel and for Sanctions (ECF No. 75) for Defendants' initial failure to provide discovery regarding these

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

independent investigations, finding that there was no prejudice for the pre-deposition failure to produce given the Magistrate's remedy of permitting Plaintiff to depose any of these investigators and ordering that Defendants respond to Plaintiff's third discovery request regarding these investigations. *See* ECF No. 98, PageID. 2984-85. Further, the Magistrate's balanced approach is evidenced by its careful consideration of the competing interests between Defendants' right to protect privileged information versus Plaintiff's right to conduct discovery on information that is directly relevant and necessary to substantiating its claims. *Id.* at PageID. 2978-83. Moreover, the Magistrate considered and rejected more severe sanctions requested by Plaintiff, such as a jury instruction or exclusion of evidence related to the investigations. *Id.* at PageID. 2984. Contrary to Defendants' assertions in their objection, the Magistrate issued a limited award of sanctions related only to the inadequacy of the privilege log provided and Defendants' failure to provide the requested discovery, the deficiencies that both prevented Plaintiff and the Court from accessing the invoked privilege and necessitated the unneeded consumption of their time and resources.

Even applying the four-factor test proffered in Defendants' objection, the monetary sanction was warranted, or at the very least, the Magistrate's decision does not rise to the high bar of being clearly erroneous or contrary to law, necessary to permit reversal. Defendants' conduct could reasonably be deemed as willful, in bad

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

faith, or faulty, as it is not disputed that the act of withholding the discovery from production and production of the boiler-plate privilege log was done intentionally either as an act to thwart discovery or with a reckless disregard for the effect of its actions on the proceedings. *See Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997) (finding that a failure to respond to discovery and adhere to a subsequent court order demonstrated willfulness and bad faith). Even if Defendants' initial actions were innocent, their failure to cure the clearly deficient privilege log or produce the requested discovery for the nearly two-month period between Plaintiff's notice of the log's insufficiency and the Magistrate's ruling demonstrates a willfulness and/or bad faith. Further, the Magistrate's order clearly identified the prejudice to Plaintiff, including the inability to obtain a clear ruling on which withheld documents are protected by the asserted privilege and being prevented from obtaining the relevant and unshielded discovery necessary to substantiate the alleged claims. Moreover, as provided above, the Court considered and rejected the more severe sanctions requested by Plaintiff, including jury instruction and/or exclusion of the evidence, and instead awarded a limited monetary sanction related to the Motion.

Finally, in their objection, Defendants argue that the award of sanctions was improper because Plaintiff did not request sanctions in their Motion to Compel (ECF No. 84). This is a confounding position, as Defendants' objection notes that

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

Plaintiff's Motion to Compel in ECF No. 84, is intrinsically intertwined with its initial Plaintiff's Motion to Compel in ECF No. 75 regarding the production of the investigation discovery that contained a specific and comprehensive request for sanctions and to which Defendants fully briefed a response. Further, Plaintiff's Motion to Compel in ECF No. 84 incorporated by reference its prior Motion. *See* ECF No. 84, PageID. 2703 n. 1. Finally, the Sixth Circuit has held that a district court is permitted to impose monetary sanctions sua sponte based on its inherent authority. *See Jones v. Hamilton Cty.*, No. 23-3002, 2023 U.S. App. LEXIS 29975, at *5 (6th Cir. Nov. 8, 2023). Thus, it is not of consequence whether Plaintiff specifically requested sanctions in the Motion to Compel for which sanctions were awarded because based on the well-recognized grant of inherent authority and authority derived from Fed. R. Civ. P. 37, the Magistrate is permitted to issue a monetary sanction sua sponte.

**B. Plaintiff's Bill of Costs Regarding the Sanctions is Reasonable.**

Finally, Defendants' argument regarding the rate and services requested by Plaintiff pursuant to the Magistrate's sanction award are both disingenuous and entirely irrelevant to this Court's review of the Order. First, Defendants fail to provide any support or any meaningful analysis regarding how the rate and hours requested by Plaintiff post-Order, which have yet to be ruled upon by this Court,

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

undermine the propriety of the Magistrate's decision to issue monetary sanctions or demonstrate that this finding was either clearly erroneous or contrary to law.

Second, in addition to Defendants' argument comprising an improper vessel to reversing the Magistrate's Order, their assertion that Plaintiff's Counsel's requested hourly rate is "unreasonable" is further without merit. Importantly, Plaintiff's counsel has recently obtained several attorney fee awards which have found his reasonable hourly rate at, and even in excess of, the rate requested, supporting the reasonableness of the request. **Exhibit 2, Court Orders on Reasonable Hourly Rate.** Further, the rate requested is supported by the 2023 Michigan Economics of Law Practice Survey, which provides that a personal injury attorney, who has been consistently held to be in the 95th percentile, such as Mr. Marko, has a reasonable rate of $900 per hour. **Exhibit 3.** This Court and the Western District Court of Michigan have both frequently noted that this Survey is consistently relied upon for the starting point of determining a reasonable attorney hourly rate. *See Zuelke v. AA Recovery Sols., Inc.*, No. 2:19-cv-00074, 2019 U.S. Dist. LEXIS 117221, at *7 (W.D. Mich. June 28, 2019) ("The benchmark for determining a reasonable hourly rate is the State Bar of Michigan's Economics of Law Practice Survey.); *O'Connor v. Trans Union, LLC*, 2008 U.S. Dist. LEXIS 94498, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008) ("District courts have relied on the State Bar of Michigan Economics of Law Practice

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice.") Defendants' reliance on a blog entry posted on a website for a third-party legal payment collection software company is far from the reliable and oft-used Michigan Survey or specific findings of other Courts regarding the attorney at issue's rate.

Thus, as Defendants have failed to demonstrate that the Magistrate's Order for sanctions was either clearly erroneous or contrary to law, this Court should not reverse its measured decision, supported by applicable case law and the Federal Rules.

## II. DEFENDANTS' OBJECTION PROVIDES NO BASIS FOR REVERSAL OF THE MAGISTRATE JUDGE'S DENIAL OF THEIR MOTION TO COMPEL PLAINTIFF TO PRODUCE A DEFINITE TRIAL WITNESS LIST APPROXIMATELY A YEAR PRIOR TO THE SCHEDULED TRIAL.

Defendants additionally object to the Magistrate's ruling denying their Motion to Compel Answers to Defendants' Second Interrogatories and to Strike Plaintiffs' Witness List and Disclosures. Rehashing the same argument already properly objected by the Magistrate, Defendants assert that the Order denying their demand that Plaintiff provide a definitive and precise list of witnesses that will be called at

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKOLAW

trial, approximately a year before trial is scheduled to begin, is clearly erroneous and/or contrary to law.[1]

However, as specifically noted in the Magistrate's Order, Defendants failed to provide any case law in support of the relief sought, which Defendants again fail to do in the instant objection. As held by this Court in *Diederich v. Washington*, No. 19-12799, 2022 U.S. Dist. LEXIS 238557, at *11-12 (E.D. Mich. Sep. 21, 2022):

> It is not for the Court to craft arguments for the parties, then evaluate the merits of that argument. *See In re Cao*, 619 F.3d 410, 434-35 (5th Cir. 2010) (stating that the court's role is not to create arguments for adjudication but to adjudicate arguments presented); *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) (stating that it is not the court's responsibility to research and construct the parties' arguments); *Lewless v. Sec'y of Health & Human Servs.*, 25 F.3d 1049 (6th Cir. 1994) ("It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citation omitted). *Id.*

Thus, it seems evident that Defendant cannot show that the Magistrate's Order regarding its Motion to Compel and/or Strike Plaintiff's Witness list is contrary to law, where Defendant has failed to cite any law that would make the decision contrary.

Rather, as recognized by the Magistrate and provided in the Order denying Defendants' motion, the Federal Rules of Civil Procedure and relevant case law provide that there is no such requirement to mandate that Plaintiff prematurely

[1] After the parties had briefed this issue, and the Magistrate issued the subject Order, Trial was scheduled to begin in this matter in September 2025.

MARKOLAW
P: (313) 777-7LAW
F: ((313) 470-2011
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
MARKOLAW.COM

narrow down a definite witness list approximately a year before trial and provide it to the opposing party. Specifically, the Magistrate's Order provided that:

> Rule 26(a)(3) provides that "a party must provide to the other parties and promptly file . . . the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises[.]" Fed. R. Civ. P. 26(a)(3)(A)(i). A party must disclose the name of witnesses at least thirty days before trial "[u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3); E.D. Mich. Local Rule 16.2(b)(8) ("Except as permitted by the Court for good cause a party may not list a witness [on the joint final pretrial order] unless the witness has been included on a witness list submitted under a prior order or has been deposed."). If a party fails to provide information or identify a witness as required by Rule 26(a), Rule 37(c)(1) requires that a Court exclude such a witness from testifying, unless the failure was substantially justified or is harmless. *Redmond v. United States*, 194 F. Supp. 3d 606, 612 (E.D. Mich. 2016).
>
> * * *
>
> Defendants cite no authority that would require Plaintiffs to narrow its witness list this far in advance of trial, which is essentially what Defendants are seeking. "Since no trial date has yet been set in this case, [Plaintiffs have] no obligation to reveal the witnesses [they] may call. In addition, requiring [Plaintiffs] to disclose the names of witnesses [they] anticipate[] calling would violate the work-product privilege." *Banks v. Off. of Senate Sergeant-at-Arms*, 222 F.R.D. 7, 15 (D.D.C. 2004); *C & E Servs., Inc. v. Ashland Inc.*, 2008 WL 1744618, at *3 (D.D.C. Apr. 14, 2008) ("the Federal Rules of Civil Procedure do not require parties to identify lay witnesses who may be called to testify at trial until 30 days before trial, unless the court orders otherwise."). Without any authority dictating that Plaintiffs narrow their witness list to those who Plaintiffs *will* call at trial, this far in advance of trial, the Court will not order them to do so. ECF No. 98, PageID 2987-89.

The Magistrate also found relevant that the harsh sanction of striking Plaintiff's witness list and Defendant's premature demand that Plaintiff produce a

narrowed and definite list of trial witnesses a year before trial was inappropriate based on Defendants failure to any action to obtain information or conduct discovery, despite Plaintiff providing notice and identifying these witnesses almost seven months prior, noting that:

> The case management order required the parties to file their lay witness lists by November 27, 2023, identifying their names or with sufficient specificity to identify the persons. (ECF No. 35). Plaintiffs complied with the Order and rules of civil procedure—they gave the names and contact information they had, and otherwise sufficiently identified them so that Defendants, for whom these witnesses worked, can obtain their contact information. Defendants took no action to obtain information from many of those witnesses before the close of discovery. Their failure to do so suggests that they are not significantly prejudiced. *See Cotton v. Sassak*, 2008 WL 1882708, at *1-2 (E.D. Mich. Apr. 24, 2008).
>
> * * *
>
> Without any authority dictating that Plaintiffs narrow their witness list to those who Plaintiffs *will* call at trial, this far in advance of trial, the Court will not order them to do so. Defendants were on notice of the 375 witnesses since November 27, 2023, and had the tools of discovery available to them to learn which of those witnesses has relevant information. Defendants stated that most of those witnesses had no involvement in Juan's care or in the investigation, so it is improbable that those witnesses have relevant information to offer. Their failure to learn more about any of those witnesses does not put the burden on Plaintiffs to narrow their list at this stage. *Id.* at PageID 2989-90.

Defendants still are yet to provide any justification for sitting on their hands throughout the vast majority of fact discovery, not requesting any additional discovery or attempting to depose any of these listed witnesses, only to file the subject Motion to Compel a month before discovery closed. Even if it had, such



MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKOLAW

action to discover the substance of these witnesses' testimony does not provide any justification for requiring Plaintiff to provide a definite witness list a year before trial begins. Defendants' vague arguments that it would be inconceivable to expect Defendant to locate or ascertain the contact information of these potential witnesses are unavailing as these individuals are Defendants' own former and/or current employees, whose contact information and/or location would clearly be more readily accessible to them, than it would for Plaintiff. Simply put, Defendants, without providing any case law to support their position, seek for this Court to sanction Plaintiff for their own failure to take any timely affirmative actions and require that Plaintiff provide a definitive and complete witness list, a list that does not yet exist and would be protected as work product, to Defendants a year before trial.

Therefore, because the Magistrate's Order was supported by applicable law, Defendants, by merely rehashing their previous arguments, have failed to satisfy their burden to warrant reversal.

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
MARKO LAW

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court Denies Defendant's Objection and Orders that Defendants comply with the Magistrate Judge's Order as provided in ECF No. 98.

Respectfully submitted,

/s/ *Jonathan R. Marko*
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
Email: jon@markolaw.com

Date: October 2, 2024

## PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **October 2, 2024**, via:

☐ U.S. Mail ☐ Fax
☐ Hand Delivered ☐ Overnight Carrier
☐ Certified Mail ☐ Other: Mi-FILE Truefiling
☒ ECF System ☐ Email

*/s/ Melinda S. Morisset*

MARKOLAW.COM
220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: ((313) 470-2011
JM MARKO LAW