UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rhiannon Nugent and Juan Quintana,
as Co-Personal Representatives of the
Estate of Juan A. Quintana II, deceased,

Plaintiff,

Case No. 21-12741

vs.

Hon. Jonathan J.C. Grey

Spectrum Juvenile Justice Services
and Spectrum Human Services, Inc.,

Defendants.
_______________________________/

**ORDER DENYING MOTION TO CORRECT WRONGFUL DEATH ORDER NUNC PRO TUNC (ECF No. 249)**

At a May 13, 2026 hearing, the Court heard from the parties regarding plaintiffs' motion to approve settlement and authorize distribution of wrongful death settlement proceeds ("motion to approve settlement"). (ECF No. 242) At the hearing, the Court approved the settlement and disbursement of settlement proceeds terms set forth in the motion to approve settlement and as communicated by all parties at the hearing. On May 19, 2026, the Court entered an order, which was agreed upon and submitted to the Court by the parties, that approved the motion to approve settlement for the reasons stated on the record at the

May 13, 2026 hearing. (ECF No. 247.)

Two weeks later, plaintiffs filed a motion to correct wrongful death distribution order nunc pro tunc ("motion to correct"). (ECF No. 249.) Defendants timely filed a response to the motion to correct. (ECF No. 250.) Plaintiffs did not file a reply. The Court concludes that oral argument would not aid in the disposition of the motions, and it rules on the briefs alone. E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the motion is **DENIED**.

The Court first notes that, in the motion to correct, plaintiffs claim that the Court's May 19, 2026 order "expressly approved periodic payments to be funded through a qualified assignment to the Athene Qualified Assignment Corporation—the very transaction for which the qualifying language is now required." (ECF No. 249, PageID.11176.) (*See* ECF No. 249-6, PageID.11212.) Similarly, in the proposed order (mislabeled as a stipulated order) attached to the motion to correct, plaintiffs propose that "Defendants and their Insurer shall make a 'qualified assignment' within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendants' or their Insurer's liability to make the Periodic Payments herein to Athene

Qualified Assignment Corporation (hereinafter referred to as "Assignee")." However, there are multiple problems with that language and those representations.

First, defendants fulfilled their obligations under the parties' settlement, and paid the agreed upon settlement amount to plaintiffs' counsel, on or before January 26, 2026. (ECF No. 250, PageID.11224.) Plaintiffs' motion and proposed order would require the Court to undo the settlement and modify the payments into a structured settlement for tax purposes. The Court does not find that process to be warranted or advisable. The parties' settlement agreement did not provide that defendants (or their insurer(s)) would make a qualified assignment, periodic payments, or be involved in the how plaintiffs would distribute the settlement proceeds. The Court finds that the interests of justice do not support retroactively imposing obligations on defendants that they did not agree to: (1) at the time they settled the case and fulfilled their obligations; or (2) now.

Second, contrary to plaintiffs' representations in its motion to correct, the motion to approve settlement (and the exhibits thereto) do not reflect that: (a) defendants would be involved in the structuring of

settlement proceeds, or (b) the settlement proceeds would be "funded through qualified assignment to Athene." In fact, the words "Athene" and "qualified assignment" were never mentioned during the May 13, 2026 hearing, nor do they appear in the motion to approve settlement (or any exhibit thereto). Accordingly, the Court does not understand, condone, or accept plaintiffs' misrepresentations.

Third, the Court finds that its approval of the settlement and disbursement terms was consistent with the settlement agreed upon by the parties, as well as the terms set forth by plaintiffs: (1) in their motion to approve settlement, and (2) at the May 13, 2026 hearing. Plaintiffs have not presented any argument to persuade the Court that its order should be modified, corrected, or altered.

Accordingly, **IT IS ORDERED** that plaintiffs' motion to correct (ECF No. 249) is **DENIED**.

**SO ORDERED**.

Date: October 1, 2026

**s/Jonathan J.C. Grey**
JONATHAN J.C. GREY
United States District Judge

**<u>Certificate of Service</u>**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2026.

**<u>s/ S. Osorio</u>**
Sandra Osorio
Case Manager